IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY KELLER, #2207031, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-904-N-BK |
| | § | |
| DALLAS COUNTY JAIL, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States Magistrate Judge for case management. As detailed herein, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and failure to prosecute.

On June 18, 2019, the Court issued its *Magistrate Judge's Questionnaire* to develop the factual allegations asserted in the complaint. Doc.11. The Questionnaire ordered Plaintiff "to answer the questions contained in the attached document in the space provided for the answers" and specifically warned him that "failure to file answers to the Magistrate Judge's Questionnaire may result in the dismissal of the action for failure to prosecute." *Id*. at 1. Despite this clear warning, Plaintiff affirmatively refused to answer the initial question in the Questionnaire.

Plaintiff was asked to identify all convictions for which he is currently confined in the Texas Department of Criminal Justice system. *See id*. Plaintiff, however, refused to answer the question, stating that the question it "has no relevance to the case . . . . There is no relevance to why I am in TDCJ and my injury in Dallas County Jail." Doc. 12 at 1-2. By

refusing to provide an answer to the Questionnaire, Plaintiff failed to comply with an order from the Court and to prosecute the case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been provided the Magistrate Judge's Questionnaire and ordered to respond to the same. He has explicitly refused to do so. Therefore, this action should be dismissed without prejudice for failure to comply with a court order or to prosecute the case. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on April 17, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).